UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN TALBERT WILLIAMS,

                Plaintiff,

        -against-

UNITED STATES OF AMERICA
(DEPARTMENT OF TREASURY), *et al.*,

                Defendants.

19-CV-11547 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff filed this action *pro se*. By order dated January 24, 2020, and entered January 27, 2020, the Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). (ECF No. 28.) Citing Plaintiff's extensive history of frivolous and duplicative litigation, the Court also ordered Plaintiff to show cause within 30 days why the Court should not bar him from filing any new civil actions *in forma pauperis* without first seeking from the Court leave to file. (*Id.*)

      On January 28, 2020, Plaintiff filed what he describes as a "Notice of Motion: For the Intervention of New York State Attorney General Ms./Mrs. Leticia James" and an accompanying declaration. (ECF Nos. 29, 30.) On February 3, 2020, before the Court could make any final ruling concerning the matters addressed in the January 27 order to show cause, and before it entered judgment on its January 24, 2020 order dismissing this action, Plaintiff filed a notice of appeal of Court's January 24, 2020 order. (ECF No. 33.)

      Plaintiff's January 28, 2020 submission (ECF No. 29) is not a departure from his pattern of frivolous filings. The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy*

*v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

For the reasons set forth below, the Court denies Plaintiff's January 28, 2020 motion.

## DISCUSSION

### A.  Jurisdiction

Because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's motion. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a Rule 60(b) motion no later than 28 days after judgment is entered, *see* Fed. R. App. P. 4(a)(4)(A)(vi), and (2) files a notice of appeal before the district court disposes of the Rule 60(b) motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i); advisory committee note to 1993 amendment ("A notice [of appeal] filed . . . after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

By order dated January 24, 2020, and entered on January 27, 2020, the Court dismissed Plaintiff's claims. (ECF No. 28.) On January 28, 2020, Plaintiff filed this motion. (ECF No. 29.) One week later, on February 3, 2020, Plaintiff filed his notice of appeal. (ECF No. 33.) Thus, because Plaintiff filed this motion no later than 28 days after entry of judgment, and because the

Court had not disposed of this motion before Plaintiff filed his notice of appeal, this Court has jurisdiction to rule on this motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

**B.      Rule 59(e) and Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff's motion fails to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3.

**C.      Rule 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

    intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

    Even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

    To the extent that Plaintiff's filing can be construed as seeking relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

    Accordingly, the Court denies Plaintiff's motion for reconsideration (ECF No. 29).

    The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 8, 2020
          New York, New York

                                            _____
                                              COLLEEN McMAHON
                                    Chief United States District Judge