UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN TALBERT WILLIAMS,

                Plaintiff,

-against-

UNITED STATES OF AMERICA
(DEPARTMENT OF TREASURY), *et al.*,

                Defendants.

19-CV-11547 (CM)

BAR ORDER UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*. By order dated January 14, 2020, the Court noted that each day since filing the 677-page complaint in this action, Plaintiff had delivered several hundreds of pages of additional documents to the Court's Pro Se Intake Unit for filing, and directed Plaintiff to limit any future filings in this action to ten pages unless he first receives leave from the Court to exceed that limit. (ECF No. 25.) On January 24, 2020, the Court dismissed the action as frivolous, noted Plaintiff's history of frivolous and vexatious litigation, and ordered Plaintiff to show cause within thirty days why he should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission. Plaintiff filed an affirmation on January 28, 2020.[1]

    Plaintiff's affirmation is not a departure from his previous filings. For example, he writes,

> The original action brought to the District Court in 2015 is claimed to have been mislabeled as a Civil Rights matter, filed primarily in notes due to fear of PLAINTIFFs' life for a claimed conspired jail sentence, connected to a claimed unconstitutional NYPD ticket, where such is claimed to be connected to acts of enterprise corruption in connection with PLAINTIFFs' alleged securitized beneficial (custodial and irrevocable)

---

[1] On February 3, 2020, before the Court was able to review his affirmation and determine whether to issue a bar order, Plaintiff filed a notice of appeal. (ECF No. 33.) In a Mandate received by the Court on September 10, 2020, the Second Circuit Court of Appeals dismissed Plaintiff's appeal as "lack[ing] an arguable basis either in law or in fact." (ECF No. 35) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

> trust (the LINDA WILLIAMS BENEFICIAL TRUST) and Individual Retirement Account of his deceased mother, MRS. LINDA PAUL STREGER WILLIAMS.

(ECF No. 32, at 2.)

> In this action, the **COMPLAINT (143 PAGES**, without accompanying appendices and exhibits), the **Ferderal Court** [sic] again states PLAINTIFFs' is frivolous and **has now committed an act of war upon a citizen of the United States' life.** The COMPLAINT is axiomatic by viewing all of PLAINTIFFs' filings. PLAINTIFF intends to appeal for the sake of appealing, however, cannot obtain proper protection for his securitized assets or his life.

(*Id.* at 2-3) (emphasis in original).

> YOU ARE WARNED OF YOUR ACTIONS TO COMMIT AN ACT OF WAR & I HAVE NO OTHER CHOICE BUT TO FIGHT BACK. I HAVE TRIED EVERY OTHER COURSE OF ACTION. THE UNITED STATES FEDERAL COURTS HAVE MADE THEMSELVES AN ENEMY.

(*Id*. at 3) (emphasis in original).

Plaintiff attaches to his affirmation multiple appendices, apparently directed at seeking the New York and United States Attorneys General's participation in "the sought after preliminary discovery conference." (*Id.* at 7.)

Plaintiff's arguments against imposing the bar order are insufficient.

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 21, 2020
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge